DUFFEY *v.* KEY.

No. 8294.   NOVEMBER 13, 1931.   REHEARING DENIED JANUARY 16, 1932.

*George G. Finch,* for plaintiff.

*James L. Mayson, C. S. Winn, J. C. Savage,* and *Watkins, Asbill & Watkins,* for defendant.

BECK, P. J.   John R. Duffey, as a citizen and taxpayer of the City of Atlanta, presented an application for leave to file an information in the nature of quo warranto, to inquire into the right of James L. Key to hold the office of mayor of the City of Atlanta. It was shown that I. N. Ragsdale took the office of mayor on January 1, 1929.   The act of the legislature in force at that time fixed the term of office of the mayor as two years, and accordingly his term expired on January 1, 1931.   The judge to whom the application was presented passed an order refusing permission to file the information, and Duffey excepted and assigns error.   Counsel for the defendant contend that the judgment should be affirmed, for several reasons.   They insist that the application or petition was not sufficiently verified; that the court in such matters as this exercises a discretion in granting or refusing a permission to file the information; and that the respondent is the duly and legally elected mayor.   We shall not pass upon the two grounds first stated, but decide the case upon the issue made by the contention as to whether James L. Key is the legally elected mayor of Atlanta. That is the main and controlling question, and to decide that question is to decide the case upon the merits thereof.   If the respondent was legally elected at an electon held to succeed I. N. Ragsdale, his predecessor, then the judge properly refused permission to file the information.

Section 3 of an act amending the charter of the City of Atlanta, and the acts amendatory thereof, approved July 27, 1929, reads as follows:   "The term of the mayor of the City of Atlanta is hereby increased from two to four years, with the right on the part of the mayor to succeed himself for one term only in direct succession." And it is upon the construction of this that a decision of the controlling question in this case depends.   Counsel for the plaintiff insists that the language of the section quoted had the effect of

extending or prolonging the term of office of I. N. Ragsdale, who was the incumbent at the time of the passage of the act, for a period of two years, which would make his term of office as thus extended expire January 1, 1933; and that as there was no vacancy at the time of the election of James L. Key, he is not legally entitled to the office. Counsel for defendant insist that under a proper construction of the language in the section the term of the then incumbent was not extended, and that that portion of the act of 1929 was not applicable to the term of the mayor then in office. We do not think that the contention of counsel for the plaintiff is sound. The Code of Atlanta of 1924 compiled the charter provisions of the city. Section 10 thereof provides: "There shall be elected biennially a mayor, who shall hold his office for two years." And in section 17 it is provided: "The mayor is eligible to succeed himself in the office of mayor for one term only, and shall be ineligible to succeed himself after serving two terms." Section 3 of the act of 1929, which provides that "The term of the mayor of the City of Atlanta is hereby increased from two to four years," should be construed in connection with the two provisions just quoted from the Code of Atlanta of 1924, and means, as we construe it, that the term of the mayor of the City of Atlanta shall be four years instead of two years, and it was not intended that it should be applied so as to make the term of the incumbent four years. Considerable stress is laid, in the argument of counsel for the plaintiff, upon the language of the act which declares that "The term of the mayor of the City of Atlanta is hereby increased from two to four years;" and especially upon the use of the definite article "the," counsel insisting that there can be but one "the mayor" and that is the person actually exercising the duties and functions of mayor at the time the expression is used; and that "when the expression 'the mayor' is used, it means the one now in office." He further insists that the language last quoted "sufficiently designates the incumbent at the time of the approval of the extension act as being the first benefactor under the term as increased."

We do not think the use of the word "the" should be given the force and effect here attributed to it. The incumbent at the time of the passage of this act had been elected for a term of two years; and while to hold that the incumbent's term of office was increased for a period of two years would not be such a construction

as would render the law retroactive in a sense that it would be unconstitutional, nevertheless, in a broad sense, it would be retroactive. It has been said that if the language of a statute specifying the term of office of an official is ambiguous, the interpretation that limits the term to the shortest time will be adopted. 46 C. J. 965, and cit. We neither approve nor disapprove of this rule, nor do we apply it here, though it is supported by a respectable authority; but we do apply the doctrine that "Statutes will not be construed to change the term of incumbent officers, unless the intent is plainly and clearly expressed." 46 C. J. 967, and cit. Under application of this principle, and comparing this section 3 of the act of 1929 with the provisions quoted from the charter of the City of Atlanta, we have reached the conclusion that the provision of section 3, increasing the term of office of the mayor from two to four years, should not be applied to the term of the individual in office at the time of the passage of the act. And so holding, it follows that the court did not err in refusing permission to file the information in the nature of a quo warranto.

*Judgment affirmed. All the Justices concur.*